SINGLETON A. THORNTON, plaintiff in error, *vs.* MOSES HOLLIS, defendant in error.

This Court will not control the discretion of the Court below except in a case where the discretion has been abused.

Motion for new trial or appeal.   Decided by Judge CLARKE.   Randolph Superior Court.   May Term, 1867.

Moses Hollis, as bearer, sued Singleton A. Thornton as maker, and Leroy C. Sale as security, for $500.00 and interest, due on a note made by them 1st January, 1862, and due 1st January, 1863, payable to E. B. Loyless or bearer, with interest from date, alleging that the note was transferred to B. L. Kimbrough, and by Kimbrough to himself, for valuable considerations, and before the same was due.   At May term, 1864, he obtained judgment against both defendants for $500.00, with interest and costs.

At November term, 1866, of said Court, Thornton moved for a new trial or appeal upon the following grounds :

1st. Because the judgment was rendered since the 19th January, 1861, and before the 6th November, 1866.

2d.  Because Thornton was unavoidably absent from the Court at date of said judgment, he being in the military service of the Confederate States ; and

3d.  Because Thornton had a good and meritorious defence in said case—said note having been given between the 1st

June, 1861, and 1st June, 1865, for land, at the rate of ten dollars per acre, to be paid in Confederate money, when in fact said land is and was then worth in good currency not more than three dollars per acre.

These grounds were verified by Thornton's affidavit.

Answering the motion, Hollis admitted the date of the judgment as alleged, but denied that Thornton was unavoidably absent at its rendition as alleged by him, and averred that at said time Thornton (as he was informed and believed), was in said county and in the county site while the Court was in session, and that if he was then in such military service, it was only in the capacity of an agent for Captain Michael Gormsby, quartermaster, for the purchase of corn, said Gormsby having at the time his headquarters in said county site, and denied that Thornton had a good and meritorious defence to said claim, averring that the note was given in part payment for a settlement of land, which land (as he is informed and believes) was worth ten dollars per acre in good currency, that he did not believe anything was said, at the time of the delivery of the note, about paying it in Confederate money, but that the party took it to be paid in good currency, and that Thornton was personally served, and could not deny notice. This was also verified by affidavit of Hollis.

At Hollis' instance, the case was continued, and by order of the Court the *fi. fa.* was stayed pending this motion.

The Court refused to grant a new trial or appeal, and this refusal is assigned as error.

C. B. WOOTTEN, for plaintiff in error.

B. S. WORRILL, for defendant in error.

WALKER, J.

The granting of a new trial or an appeal upon an application like this, was a matter very much within the discretion of the Court below. The Court may grant a new trial or appeal if satisfied from all the facts that a good and meri-

torious defence exists. Acts 1865–'6, p. 87. In this case he might well doubt whether any defence at all existed, and therefore he might very properly refuse the application to open the judgment. A reviewing Court should control the discretion of the Court below only in cases where the discretion has been abused.

Judgment affirmed.